1  DANIEL J. BRODERICK, #89424
   Federal Defender
2  JEFFREY L. STANIELS, Bar #91413
   Assistant Federal Defender
3  Designated Counsel for Service
   801 I Street, 3rd Floor
4  Sacramento, California 95814
   Telephone: (916) 498-5700
5
   Attorney for Defendant
6  JAIME QUINTERO

**FILED**

FEB 2 3 2007




7             IN THE UNITED STATES DISTRICT COURT
8             FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10 UNITED STATES OF AMERICA,        ) No. 2:91-037/-05 EJG
11                                  )
               Plaintiff,           )
12                                  )
       v.                           ) [AMENDED PROPOSED] ORDER
13                                  )
   JAIME QUINTERO,                  )
14                                  )
               Defendant.           )
15                                  )
   _____)
16

17      Upon consideration of the above motion and review of the original
18 petition and warrant issued in the above case on October 30, 2001, as
19 well as the underlying case history information contained in the
20 Probation Officer's Dispositional Memorandum, the court finds that the
21 October, 2001, warrant was not supported by Oath or Affirmation as
22 required by the Fourth Amendment as explained by the decision in United
23 States v. Vargas-Amaya, 389 F.3d 901 (9th Cir. 2004).
24      Mr. Quintero commenced supervised release on December 26, 1997.
25 The term of supervised release therefore expired no later than December
26 26, 2001, unless tolled. The defendant was arrested and charged with a
27 new offense on October 31, 2001, but was not convicted of that offense
28 until he pled guilty on December 1, 2004. Under the holding of the

Reply Memorandum in Support of
Motion to Dismiss            -3-

1 Ninth Circuit Court of Appeals in <u>United States v. Morales-Alejo</u>, 193
2 F.3d 1102 (9th Cir. 1999) the date of guilty plea is the earliest date
3 on which Mr. Quintero can be said to be "imprisoned in connection with
4 a conviction" so as to trigger the tolling provision of 18 U.S.C. §
5 3624(e). By that time, however, the Defendant's term of supervised
6 release had long since expired.

    For these reasons the motion to dismiss must be and is GRANTED.

**IT IS SO ORDERED.**

By the Court,

Dated: February 23, 2007

Hon. Edward J. Garcia
Senior United States District Judge

Reply Memorandum in Support of
Motion to Dismiss                    -4-